(65 Misc. Rep. 307.)

CLARK v. A. N. McINNIS REALTY CO. et al.

(Supreme Court, Special Term, New York County.   December, 1909.)

LIS PENDENS (§ 3*)—ACTIONS IN WHICH PROPER.
    An action to determine the ownership of a mortgage on property sold
    under foreclosure, which mortgage was not cut off by the foreclosure, does
    not involve the title to the mortgaged premises, and the purchaser there-
    of at foreclosure sale is not a proper party defendant thereto, and may
    have canceled a lis pendens filed against the property in such suit.
    [Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 3–8;  Dec.
    Dig. § 3.*]

Action by Besse C. Clark against the A. N. McInnis Realty Compa-
ny and others.  On motion to cancel a lis pendens.  Motion granted.

Albert F. Sharpe, for plaintiff.
Weschler & Rothschild, for defendant Rosenberg.

McCALL, J.  I do not see from these pleadings how the defendant
Rosenberg is involved at all in this litigation, except in being arbitrarily
made a defendant.  He was a purchaser for value at a foreclosure sale
under mortgages that are in no wise attacked as to validity, nor is an
attempt made to impeach the proceedings.  Whatever issue is raised
as between plaintiff and the realty company may be litigated; but it
must proceed, it seems to me, with the fact established that the realty
company has been regularly and legally divested of the fee to the
realty, and that Rosenberg is the owner thereof, subject to the lien of
the mortgages not cut off by the foreclosure under which he bought.
Whoever the owner of the $8,000 mortgage may prove to be is a matter
Rosenberg is only concerned in to the extent that he recognizes that
his property is burdened with that lien; but this does not justify his
being made a party to the suit, and certainly will not permit of his title
being clouded with the filing of a lis pendens in a suit to determine
that issue, because it cannot be said but that the rights of the litigants
may be determined and the title remain the same; the action in no
wise being to determine a title to the fee or an interest in realty with-
in the meaning of the Code.  The motion is granted, with $10 costs.
    Motion granted.